UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) | Civil Action No. _____ |
| v. | ) ) ) | **COMPLAINT** |
| REXNORD INDUSTRIES, LLC, | ) ) ) | (Jury Trial Demand) |
| Defendant. | ) ) ) | |

## NATURE OF THE ACTION

This is an action under Title I of the Americans with Disabilities Act of 1990 ("ADA"), as amended, and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices based on disability and to provide appropriate relief to Danielle M. Sullivan ("Sullivan"), whom such practices affected adversely. Rexnord Industries, LLC ("Rexnord"), violated the ADA by firing Sullivan due to her disability (migraines), or because it regarded her as disabled (by a seizure disorder).

## JURISDICTION AND VENUE

1.  Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5(f)(1) and (3) ("Title VII"), and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were, and are now being, committed within the jurisdiction of the United States District Court for the Eastern District of Wisconsin.

## PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission ("EEOC"), is the agency of the United States of America charged with administering, interpreting and enforcing Title I of the ADA, and is expressly authorized to bring this suit by Section 107(a) of the ADA, 42 U.S.C. § 12117(a), which incorporates by reference Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3).

4. At all relevant times, Rexnord has continuously been a Wisconsin corporation doing business in the State of Wisconsin and the Cities of Milwaukee and Cudahy, and has continuously had at least 15 employees.

5. At all relevant times, Rexnord has continuously been an employer engaged in an industry affecting commerce within the meaning of Section 101(5) of the ADA, 42 U.S.C. § 12111(5), and Section 101(7) of the ADA, 42 U.S.C. § 12111(7), which incorporates by reference Sections 701(g) and (h) of Title VII, 42 U.S.C. §§ 2000e(g) and (h).

6. At all relevant times, Rexnord has been a covered entity under Section 101(2) of the ADA, 42 U.S.C. § 12111(2).

## STATEMENT OF CLAIMS

7. More than 30 days before institution of this suit, Sullivan filed a charge with the EEOC alleging Rexnord violated Title I of the ADA. All conditions precedent to the institution of this suit have been fulfilled.

8. Sullivan is an individual with a disability (migraines) that substantially limits her ability to perform the major life activities of thinking and concentrating. Rexnord regarded Sullivan as disabled because it perceived her as being unable to perform her job due to a disability (a seizure disorder).

9. Since at least May 15, 2009, Rexnord engaged in unlawful employment practices at its Stearns Division on 5150 South International Drive in Cudahy, Wisconsin, in violation of Section 102(a) of Title I of the ADA, 42 U.S.C. § 12112(a). Specifically, Rexnord fired Sullivan because of her disability or because it regarded her as disabled. At all relevant times, Sullivan was a qualified individual with a disability within the meaning of the ADA, and could perform the essential functions of the position from which she was fired. Despite her ability to perform the essential functions of her job, Rexnord fired Sullivan on or about May 15, 2009.

10. The effect of the practices complained of in paragraph 9 above has been to deprive Sullivan of equal employment opportunities and otherwise adversely affect her status as an employee, because of her disability.

11. The unlawful employment practices complained of in Paragraph 9 above were intentional.

12. The unlawful employment practices complained of in paragraph 9 above were done with malice or with reckless indifference to Sullivan's federally protected rights.

PRAYER FOR RELIEF

Wherefore, the EEOC respectfully requests that this Court:

A. Grant a permanent injunction enjoining Rexnord, its officers, agents, servants, employees, attorneys, and all persons in active concert or participation with it, from engaging in any employment practice which discriminates on the basis of disability.

B. Order Rexnord to institute and carry out policies, practices, and programs which provide equal employment opportunities for qualified individuals with disabilities, and which eradicate the effects of its past and present unlawful employment practices.

C. Order Rexnord to make Sullivan whole by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including, but not limited to, rightful place reinstatement.

D. Order Rexnord to make Sullivan whole by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraph 9 above, including relocation expenses, job search expenses, medical expenses, and retirement or pension contributions, in amounts to be determined at trial.

E. Order Rexnord to make Sullivan whole by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of in paragraph 9 above, including emotional pain, suffering, inconvenience, and mental anguish, in amounts to be determined at trial.

F. Order Rexnord to pay Sullivan punitive damages for its malicious and reckless conduct, as described in paragraph 9 above, in amounts to be determined at trial.

G. Grant such further relief as the Court deems necessary and proper in the public interest.

H. Award the EEOC its costs of this action.

JURY TRIAL DEMAND

The EEOC requests a jury trial on all questions of fact raised by its complaint.

Respectfully submitted,

        P. David López
        General Counsel

        James L. Lee
        Deputy General Counsel

        Gwendolyn Young Reams
        Associate General Counsel

        EQUAL EMPLOYMENT OPPORTUNITY
            COMMISSION
        131 M Street, N.E.
        Washington, D.C. 20507

Dated: August 18, 2011        s/ *John C. Hendrickson*_____
        John C. Hendrickson
        Regional Attorney

Dated: August 18, 2011        s/ *Jean P. Kamp*_____
        Jean P. Kamp
        Associate Regional Attorney
        EQUAL EMPLOYMENT OPPORTUNITY
            COMMISSION
        Chicago District Office
        500 West Madison Street - Suite 2000
        Chicago, IL 60661
        *Telephone*: (312) 353-7719
        *E-mail*: john.hendrickson@eeoc.gov
        *E-mail*: jean.kamp@eeoc.gov

Dated: August 18, 2011        s/ *César J. del Peral*_____
        César J. del Peral
        Trial Attorney
        EQUAL EMPLOYMENT OPPORTUNITY
            COMMISSION
        Milwaukee Area Office
        310 West Wisconsin Avenue - Suite 800
        Milwaukee, WI 53203-2292
        *Telephone*: (414) 297-1114    *Fax*: (414) 297-3146
        *E-mail*: cesar.delperal@eeoc.gov