# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION,

    Plaintiff,

  v.                                                   Case No. 11-CV-777

REXNORD INDUSTRIES, LLC,

    Defendant.

## DECISION AND ORDER ON DEFENDANT'S EXPEDITED NON-DISPOSITIVE MOTION TO COMPEL PRODUCTION OF UNREDACTED MEDICAL RECORDS WITHOUT "ATTORNEYS' EYES ONLY" DESIGNATION

      This matter is currently before the court on the defendant's, Rexnord Industries, LLC ("Rexnord"), expedited non-dispositive motion to compel the production of unredacted medical records without "attorneys' eyes only" designation. By way of background, this is the second discovery motion to come before the court in this case. On June 29, 2012, this court issued a decision finding that Danielle Sullivan's medical records are relevant to the plaintiff's, Equal Employment Opportunity Commission ("EEOC"), claim under the ADA and ordered the EEOC to produce the documents with all due haste. (Docket # 34 at 15-16.) On July 18, 2012, the court held a telephone conference regarding the status of production of the medical records. The court once again stated that Rexnord was entitled to copies of Sullivan's medical records and stated that a protective order would properly address the EEOC's privacy concerns. (Docket # 37.) The court further ordered the EEOC to produce unredacted copies of medical records from Neurology Associates. (Docket # 36.) On July 30, 2012, the court approved the protective order stipulated to by the parties. (Docket # 40.)

The EEOC produced certain other medical records in redacted form from Columbia St. Mary's Hospital on or about July 6, 2012. (Declaration of Amy Schmidt Jones, "Jones Decl.", ¶ 3, Docket # 48.) Rexnord asserts the EEOC was unwilling to provide the complete record from Columbia St. Mary's Hospital in unredacted form and to avoid further motion practice, suggested the documents be produced with the designation of "Attorneys' Eyes Only." (Jones. Decl. ¶¶ 3-4.) The EEOC has produced unredacted copies of certain records from Columbia St. Mary's Hospital and Lakeshore Medical Clinic designated "Attorneys' Eyes Only," specifically documents Bates numbered EEOC0001350, 1352, 1362, 1369-70, and 1381-83. (Jones Decl. ¶ 4, Def.'s Br. in Supp. Mot. to Compel at ¶ 1 n.1, Docket # 47.)

Rexnord now seeks to remove the "Attorneys' Eyes Only" designation for purposes of having its experts evaluate the records in unredacted form. (Def.'s Br. ¶ 6.) Rexnord further asks for its costs in bringing the motion. The EEOC opposes Rexnord's motion, arguing the redacted material is not relevant and is highly prejudicial. (Pl.'s Br. in Opposition at 1-2, Docket # 50.) I will address each in turn.

The EEOC's relevancy argument is unavailing. This court has already ruled that Sullivan's medical records are discoverable and ordered the EEOC to produce them. Additionally, although not addressing the specific medical provider at issue here, the court already ordered the EEOC to produce unredacted copies of medical records. Moreover, having reviewed the sealed records at issue, the court disagrees that Rexnord should not be able to view them in an unredacted form. Fed. R. Civ. P. 26 allows discovery of any matter that is relevant to any party's claim or defense. The Rule is clear that "relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." The medical information in the sealed documents falls under the purview of this Rule. To be clear, going forward, all medical

records shall be disclosed in an unredacted form. The stipulated protective order is sufficient to address any remaining privacy concerns.

As to the EEOC's prejudice argument, it too is unpersuasive. As with the relevancy argument, this argument conflates discovery standards with admissibility standards for trial. In other words, this argument is not ripe at the discovery stage. Rather, if still an issue, this argument should be made at the trial stage, through a motion in limine. Accordingly, the Attorneys' Eyes Only designation shall be removed and Rexnord is permitted to consult with its experts and have its experts review the medical records in an unredacted form, subject to paragraph five of the parties' stipulated protective order. Rexnord's motion to compel production of unredacted medical records without "attorneys' eyes only" designation is granted.

Next, Rexnord seeks its costs and fees incurred in bringing this motion to compel, arguing the EEOC has no valid justification for failing to produce the unredacted records. (Def.'s Br. ¶ 4.) The EEOC has responded by stating that "[n]othing in its actions warrants sanctions." (Pl.'s Br. at 3.) A party which successfully brings a motion to compel discovery must be awarded "the movant's reasonable expenses incurred in making the motion," unless: (1) the motion was filed without the moving party first attempting in good faith to obtain the discovery without court action; (2) the opposing party's nondisclosure was "substantially justified"; or (3) "other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(a)(5)(A). Rule 37(a)(5)(A) further provides that reasonable expenses shall be paid only after affording the party whose conduct necessitated the motion an opportunity to be heard.

The EEOC has responded to Rexnord's motion by simply stating that "nothing in its actions warrants sanctions." This court has ordered the EEOC twice to produce Sullivan's medical records. Although not addressing the specific records at issue here, this court has previously ordered the

EEOC to produce medical records in an unredacted form. A stipulated protective order has already been entered into by the parties that addresses the very issue the parties are now litigating, i.e., disclosure of sensitive records to experts. Rexnord has asserted that it attempted, in good faith, to obtain the unredacted documents from the EEOC without court action. (Jones Decl. ¶ 5.)

However, the court has reviewed the audio-recording from the July 18, 2012 status conference on discovery. To the extent the record was left unclear as to the procedure to be followed, the court finds assessment of costs would be unjust. But to reiterate, going forward, all medical records shall be disclosed unredacted under the protective order. Future noncompliance will result in assessment of costs for the prevailing party.

## ORDER

**NOW, THEREFORE, IT IS ORDERED** that the defendant's motion to compel production of unredacted medical records without "attorneys' eyes only" designation (Docket # 47) is **GRANTED**.

**IT IS FURTHER ORDERED** that the defendant's motion for costs is **DENIED**.

Dated at Milwaukee, Wisconsin this 22nd day of October, 2012.

    BY THE COURT

    *s/ Nancy Joseph*
    NANCY JOSEPH
    United States Magistrate Judge